Robert P. Harrington (12541)
Taylor J. Hadfield (17224)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway, Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 939-3685
rharrington@kba.law
thadfield@kba.law

*Attorneys for Plaintiff Pattern, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTERN, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PROMARKCO, LTD., an Arkansas corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No. 2:25-cv-00427<br><br>Judge_____<br><br>Magistrate Judge: _____ |

Plaintiff Pattern Inc. ("**Pattern**"), by and through its counsel of record, files this complaint against Defendant ProMarkCo, Ltd. ("**ProMarkCo**") and alleges as follows:

### INTRODUCTION AND SUMMARY

1. This is a straightforward breach of contract case. ProMarkCo and Pattern entered into an agreement under which Pattern would sell ProMarkCo's products on Amazon. The agreement required ProMarkCo to pay the relevant Amazon advertising fees and invoices related to Pattern's services for ProMarkCo. It also provided that upon termination, ProMarkCo would repurchase from Pattern any unsold inventory. Pattern terminated the agreement in May 2025. But ProMarkCo has neither paid the required advertising fees nor repurchased the inventory from

Pattern. So Pattern is entitled to judgment for breach of contract in an amount no less than $174,476.00, plus interest, fees, and costs.

## PARTIES, JURISDICTION, AND VENUE

2. Pattern is a Utah corporation with its principal place of business in Lehi, Utah.

3. Upon information and belief, ProMarkCo is an Arkansas corporation with its principal place of business in Springdale, Arkansas.

4. The Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

5. Venue is appropriate in this district under 28 U.S.C. § 1391(b)(2).

6. The Court has personal jurisdiction over the Defendants because, as set forth herein, they purposefully availed themselves of the protections of Utah law and consented to personal jurisdiction in the state and federal courts of Utah.

## GENERAL ALLEGATIONS

7. On June 22, 2022, Pattern and ProMarkCo entered into an "Authorized Reseller Agreement." A true and correct copy of the Authorized Reseller Agreement is attached hereto as **Exhibit A** and incorporated herein.

8. In the Authorized Reseller Agreement, ProMarkCo engaged Pattern to be the reseller of ProMarkCo's products – principally an inflatable pool toy called the "Inflatabull" – on Amazon.com.

9. Under the terms of the Authorized Reseller Agreement, ProMarkCo would sell products to Pattern at an agreed-upon price, and Pattern would then resell the products.

10. The Authorized Reseller Agreement had a two-year term but was terminable at will.

11. On May 19, 2025, Pattern gave notice of termination of the Authorized Reseller

Agreement to ProMarkCo. Pursuant to Section 11(a) of the Authorized Reseller Agreement, termination was effective on May 25, 2025 (the "**Termination Date**").

12. Section 11(b) of the Authorized Reseller Agreement provides that upon termination, ProMarkCo is obligated to (1) "[p]romptly pay Pattern any unpaid amounts due" under the agreement and (2) "repurchase from Pattern any extra [product] previously purchased by Pattern that is not necessary to fulfill orders made prior to [] termination."

13. As of the Termination Date, ProMarkCo had an outstanding balance to Pattern of $39,638.00, consisting of advertising expenses incurred by Pattern in connection with Pattern's performance of the Authorized Reseller Agreement.

14. Pattern is also currently in possession of $134,838.00 worth of inventory purchased from ProMarkCo pursuant to the Authorized Reseller Agreement, which ProMarkCo is obligated to repurchase.

15. On May 19, 2025, Pattern demanded that ProMarkCo pay $174,476.00 pursuant to the Authorized Reseller Agreement.

16. To date, ProMarkCo has refused to remit any payment to Pattern.

17. The Authorized Reseller Agreement provides, at Section 12(b), that Utah law is to govern the Authorized Reseller Agreement, and that the "state and federal courts located in Salt Lake City, Utah" are to have "exclusive jurisdiction" over dispute between Pattern and ProMarkCo.

18. The Authorized Reseller Agreement provides, at Section 10(a), that ProMarkCo is obligated to "indemnify, defend, and hold harmless" Pattern from its costs and attorneys' fees arising out of or relating to ProMarkCo's breaches of the Authorized Reseller Agreement.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

19. Pattern incorporates by reference all previous paragraphs of this Complaint.

20. The Authorized Reseller Agreement is a valid and binding contract.

21. Pattern performed all obligations required of it under the Authorized Reseller Agreement or is excused from performance based on ProMarkCo's breaches.

22. ProMarkCo breached the Authorized Reseller Agreement by failing, upon termination, to pay $39,638.00 in past-due advertising fees and by failing to repurchase $134,838.00 in inventory from Pattern.

23. Pattern has been damaged a result of ProMarkCo's breach in an amount no less than $174,476.00, plus pre- and post-judgment interest.

24. Pattern is entitled to an award of its attorney's fees pursuant to the terms of the Authorized Reseller Agreement.

## SECOND CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing

25. Pattern incorporates by reference all previous paragraphs of the Complaint.

26. Pattern and ProMarkCo entered into a contract, namely the Authorized Reseller Agreement.

27. The Authorized Reseller Agreement constitutes a binding contract, which is valid and enforceable, between Pattern and ProMarkCo.

28. Inherent with the Authorized Reseller Agreement was an implied covenant of good faith and fair dealing.

29. This implied covenant, inherent in every contract, imposes upon each party a duty of good faith and fair dealing in its performance. Common law calls for substantial compliance with the spirit, not just the letter of a contract in its performance.

30. Implied within each contract is the inferred promise that each party will not intentionally or purposefully do anything that will destroy or injure the other party's rights to receive the fruits of the contract.

31. ProMarkCo breached the implied covenant of good faith and dealing in the Authorized Reseller Agreement, by, among other things, failing to pay Pattern for services it provided pursuant to the Authorized Reseller Agreement.

32. By engaging in the conduct described in this Complaint, ProMarkCo failed to act consistently with the common purpose and justified expectations of Pattern.

33. As a direct, proximate, and legal result of the aforementioned breaches of the covenant of good faith and fair dealing, Pattern has been deprived of the benefits of the Authorized Reseller Agreement and suffered significant damages.

34. Pattern seeks damages resulting from ProMarkCo's breach of its duties in an amount to be determined at trial in this matter, but not less than $174,476.00, plus pre- and post-judgment interest.

35. Pattern is entitled to an award of its attorney's fees pursuant to the terms of the Authorized Reseller Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter:

1. Judgment in favor of Pattern on Pattern's first cause of action, for breach of contract, in an amount of at least $174,476.00, plus pre- and post-judgment interest and an award of Pattern's attorneys' fees and costs;

2. Judgment in favor of Pattern on Pattern's second cause of action, for breach of the covenant of good faith and fair dealing, in an amount of at least $174,476.00, plus pre- and post- judgment interest and an award of Pattern's attorneys' fees and costs; and,

3. Any other relief the Court may deem just and proper.

DATED: May 29, 2025.

                              Respectfully submitted,

                              **KUNZLER BEAN & ADAMSON, PC**

                              */s/ Robert P. Harrington*
                              Robert P. Harrington
                              Taylor J. Hadfield

                              *Attorneys for Plaintiff Pattern, Inc.*