Philip J. Favro, Esq. (USB No. 13519)
**FAVRO LAW PLLC**
650 E 100 N
Alpine, UT 84004
(650) 714-9134
phil@favro-law.com

Matt Bishop (*pro hac*)
BISHOP LAW FIRM
3739 N. Steele Blvd., Ste. 380
Fayetteville, Arkansas 72703
p: (479) 363-6171
matt@bishoplawfirm.org

*Attorneys for Defendant ProMarkCo., Ltd.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTERN, INC., a Utah corporation<br><br>    Plaintiff,<br><br>v.<br><br>PROMARKCO, LTD., an Arkansas Corporation<br><br>    Defendant. | **ANSWER**<br><br>Case No. 2:25-cv-00427<br><br>Judge Ted Stewart |

Comes Now the Defendant, ProMarkCo., Ltd. ("ProMarkCo"), by and through its counsel of record, and hereby files its Answer to Plaintiff Pattern, Inc.'s ("Pattern") Complaint, and states and alleges as follows:

1. ProMarkCo denies Paragraph 1 of the Complaint, "Introduction and Summary," to the extent any allegations are not otherwise admitted herein.

2. ProMarkCo admits Paragraph 2 of the Complaint.

3. ProMarkCo admits Paragraph 3 of the Complaint.

4. ProMarkCo admits Paragraph 4 of the Complaint.

5. ProMarkCo admits Paragraph 5 of the Complaint.

6. ProMarkCo admits Paragraph 6 of the Complaint.

7. ProMarkCo admits Paragraph 7 of the Complaint.

8. ProMarkCo states the Authorized Reseller Agreement (the "Agreement") speaks for itself and denies any characterization of the Agreement inconsistent with its terms.

9. ProMarkCo states the Authorized Reseller Agreement (the "Agreement") speaks for itself and denies any characterization of the Agreement inconsistent with its terms.

10. ProMarkCo states the Authorized Reseller Agreement (the "Agreement") speaks for itself and denies any characterization of the Agreement inconsistent with its terms.

11. ProMarkCo denies Paragraph 11 of the Complaint.

12. ProMarkCo states the Authorized Reseller Agreement (the "Agreement") speaks for itself and denies any characterization of the Agreement inconsistent with its terms.

13. ProMarkCo denies Paragraph 13 of the Complaint.

14. ProMarkCo denies Paragraph 14 of the Complaint.

15. ProMarkCo admits Pattern made a demand on May 19, 2025 as alleged in Paragraph 15. ProMarkCo states the Authorized Reseller Agreement (the "Agreement") speaks for itself and denies any characterization of the Agreement set forth in Paragraph 15 that is inconsistent with its terms.

16. ProMarkCo denies Paragraph 16 of the Complaint.

17. ProMarkCo states the Authorized Reseller Agreement (the "Agreement") speaks for itself and denies any characterization of the Agreement inconsistent with its terms.

18. ProMarkCo states the Authorized Reseller Agreement (the "Agreement") speaks for itself and denies any characterization of the Agreement inconsistent with its terms.

19. To the extent not previously admitted or denied, ProMarkCo denies the allegations of Paragraph 19 of the Complaint.

20. ProMarkCo states that Paragraph 20 contains a legal conclusion to which no response is required. To the extent a response is required, Paragraph 20 of the Complaint is denied.

21. ProMarkCo denies Paragraph 21 of the Complaint.

22. ProMarkCo denies Paragraph 22 of the Complaint. Pleading further, ProMarkCo states its obligation to repurchase returned items is contingent upon the items being actual customer returns and non-resellable. Further, Pattern is required, upon termination, to make reasonable efforts to reduce the inventory prior

to termination. Pattern has failed to perform these conditions precedent to making any claim for returned items.

23. ProMarkCo denies Paragraph 23 of the Complaint.

24. ProMarkCo denies Paragraph 24 of the Complaint.

25. To the extent not previously admitted or denied, ProMarkCo denies the allegations of Paragraph 25 of the Complaint.

26. ProMarkCo admits Paragraph 26 of the Complaint.

27. ProMarkCo states that Paragraph 27 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Paragraph 27 is denied.

28. ProMarkCo states that Paragraph 28 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Paragraph 28 is denied.

29. ProMarkCo states that Paragraph 29 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Paragraph 29 is denied.

30. ProMarkCo states that Paragraph 30 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Paragraph 30 is denied.

31. ProMarkCo denies Paragraph 31 of the Complaint.

32. ProMarkCo denies Paragraph 32 of the Complaint.

33. ProMarkCo denies Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint is a prayer for relief and does not require a response.  To the extent a response is required, Paragraph 34 is denied.

35. ProMarkCo denies Paragraph 35 of the Complaint.

## Affirmative Defenses

36. ProMarkCo asserts the affirmative defenses of estoppel, unclean hands, breach by Plaintiff, laches and waiver.

WHEREFORE, ProMarkCo, Ltd. prays that Plaintiff's Complaint be dismissed, for costs incurred to be taxed against Plaintiff, and for any and all further relief this Court deems proper.

Respectfully submitted,

/s/ Philip J. Favro

Philip J. Favro, Esq. (USB No. 13519)
**FAVRO LAW PLLC**
650 E 100 N
Alpine, UT 84004
(650) 714-9134
phil@favro-law.com

/s/ Matt Bishop

Matt Bishop (*pro hac*)
BISHOP LAW FIRM
3739 N. Steele Blvd.
Ste. 380
Fayetteville, Arkansas 72703
p: (479) 363-6171
matt@bishoplawfirm.org